**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SP SNT HOLDINGS, LLC**, and | ) |
| | ) |
| **KEVIN WAGNER**, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **SOCIAL NETWORKING** | ) |
| **TECHNOLOGY, INC.,** | ) |
| | ) |
| **STUART BRUCK,** | ) |
| | ) |
| **DAVID M. MCNAMEE,** | ) |
| | ) |
| **KEVIN OWENS,** | ) |
| | ) |
| **MASSIMO MESSINA,** | ) |
| | ) |
|  **and** | ) |
| | ) |
| **SHARON AMEZCUA,** | ) |
| | |
|     Defendants. | |

_____

## COMPLAINT

Plaintiffs, SP SNT HOLDINGS, LLC, a South Dakota limited liability company ("SP SNT"), and Kevin Wagner, individually ("Wagner"), sue Defendants, SOCIAL NETWORKING TECHNOLOGY, INC., a Nevada corporation ("Company"), STUART BRUCK, an individual ("Bruck"), DAVID M. MCNAMEE, an individual ("McNamee"), KEVIN OWENS, an individual ("Owens"), MASSIMO MESSINA, an individual ("Messina"), and SHARON AMEZCUA, an individual ("Amezcua"), and allege:

## PARTIES

1.      SP SNT is a limited liability company organized under the laws of South Dakota, with its principal place of business in Florida.

2.      Wagner is an individual residing in the state of Texas.

3.      Company is a Nevada corporation, having a principal place of business, and transacting business, in the state of Kansas.

4.      Upon information and belief, Bruck is an individual residing in the state of Kansas.

5.      Upon information and belief, McNamee is an individual residing in the state of Florida.

6.      Upon information and belief, Owens is an individual residing in the state of Kansas.

7.      Upon information and belief, Messina is an individual residing in the state of California.

8.      Upon information and belief, Amezcua is an individual residing in the state of Florida.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because Plaintiff makes claims that arise under the laws of the United States.

10.     Supplemental jurisdiction on Plaintiff's state law claims is proper in this Court under 28 U.S.C. § 1367 because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has jurisdiction over Defendants Bruck, McNamee, Owens,

Messina, and Amezcua under Kansas' long arm statute because they have transacted business in the state of Kansas and have committed tortious acts in the state of Kansas.

12.     Venue is proper in the District of Kansas because the Company resides in the State of Kansas, maintains its principal place of business in the state of Kansas, and otherwise transacts business in the state of Kansas.

13.     Venue is proper in the District of Kansas because the actions complained of herein took place in Kansas.

14.     All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met.

## GENERAL FACTUAL ALLEGATIONS

15.     At all material times, Defendants orchestrated a scheme to raise capital for the development, operation and marketing of the Company's business including, its operations in Kansas.  Defendants created an organized ring of sales people, agents, and attorneys, to actively market and advertise their business and to generally solicit a broad audience of investors for same.

16.     In or about December 2016, this organized ring solicited Plaintiffs to make an investment in the Company by purchasing shares of the Company's common stock.

17.     In or about December 2016, and prior to their investments in the Company, Defendants made numerous material misrepresentations to Plaintiffs including that: (a) Amezcua had personally invested money in the Company, (b) Amezcua was a successful banker specializing in technology companies and had built over 700 companies, (c) the Company had sufficient capital and cash flow to continue it operate its business, and was securing additional investments solely for growth, and (d) the Company had proven,

3

proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace.

18.    Plaintiffs relied on these representations in making their investment decisions.

19.    These representations were material to Plaintiff's investment decisions.

20.    In December 2016, Plaintiffs were presented with a Subscription Agreement, prepared by a law firm, that represented that the sale of securities by the Company did not have to be registered because the offering was exempt from registration pursuant to Section 4(a)(2) of the Securities Act of 1933 (the "Securities Act").

21.    In furtherance of the investment and relying upon Defendants as to validity of the offering, Plaintiff SP SNT executed a Subscription Agreement on or about December 16, 2016 and made its investment in the company. Plaintiff Wagner executed a Subscription Agreement on or about December 22, 2016 and made his investment in the Company.

22.    After they purchased the investment, Defendants discovered that contrary to the representations of Defendants, Amezcua had not personally made an investment in the Company, Amezcua was not a successful banker specializing in technology companies and had not built over 700 companies, the Company did not have sufficient capital to operate its business, and the Company did not have proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace.

23.    Further, Defendants failed to disclose that the Company was paying Amezcua, an unregistered broker, transaction-based fees for soliciting investors including the investment being made by Plaintiffs.

24. In addition, Company failed to disclose that Bruck had then recently been accused of sexual harassment and had settled such claim.

25. If Plaintiffs had known of the above described misrepresentations and omissions, they would not have invested in the Company.

26. Defendants further misrepresented that the offering of securities was made in a manner to comply with the requirements of Section 4(a)(2) of the Securities Act and that it was otherwise exempt from registration.

27. The securities Defendants sold to Plaintiffs were not a federally covered security, and the Kansas Uniform Securities Act (hereinafter "KUSA") applied to their sale.

## COUNT I
## ACTION UNDER SECTION 12(a)(1) OF THE SECURITIES ACT FOR FAILURE TO COMPLY WITH FEDERAL REGISTRATION REQUIREMENTS
(against Defendants)

28. Plaintiffs re-allege paragraphs 1 through 27 as though fully set forth herein.

29. This is an action for rescission pursuant to Section 12(a)(1) of the Securities Act of 1933.

30. The Company sold its common stock to Plaintiffs.

31. The Company sold its common stock in the absence of a registration statement or failure to meet prospectus requirements.

32. The Company used the mail or facilities of interstate commerce in connection with the sale or offer.

33. Plaintiffs have been damaged as a result of the Company's aforementioned actions.

34.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.

**WHEREFORE,** Plaintiffs hereby demand judgment against the Company, decreeing the rescission of the monetary investment and consistent therewith, for restitution damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with the reasonable attorneys' fees and costs incurred, and any other relief this Court deems just and proper.

### COUNT II
### <u>ACTION UNDER SECTION 15 OF THE SECURITIES ACT FOR FAILURE TO COMPLY WITH FEDERAL REGISTRATION REQUIREMENTS</u>
### (against Bruck, McNamee, Owens, Messina, and Amezcua)

35.     Plaintiffs re-allege paragraphs 1 through 34 as though fully set forth herein.

36.     This is an action for rescission pursuant to Section 15 of the Securities Act.

37.     As set forth in Count I above, the Company is a primary violator of Section 12 of the Securities Act.

38.     At the time of such violation, Bruck, McNamee, Owens, Messina, and Amezcua were in possession, direct or indirect, of the power to direct or cause the direction of the management and policies of the Company, whether through the ownership of voting securities, by contract, or otherwise, and thereby, are jointly and severally responsible with the Company for the violation of Section 11 of the Securities Act by the Company.

39.     Plaintiffs have been damaged as a result of the aforementioned actions of the Company, Bruck, McNamee, Owens, Messina, and Amezcua.

40.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.

**WHEREFORE,** Plaintiffs hereby demand judgment against Bruck, McNamee, Owens, Messina, and Amezcua decreeing the rescission of the monetary investment and consistent therewith, for restitution damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with the reasonable attorneys' fees and costs incurred, and any other relief this Court deems just and proper.

## COUNT III
## ACTION FOR SALE OF UNREGISTERED
## SECURITIES IN VIOLATION OF KUSA
(against Defendants)

41.    Plaintiffs re-allege paragraphs 1 through 40 as though fully set forth herein.

42.    This is an action for rescission for the selling of unregistered securities pursuant to K.S.A. § 17-12a509(b) and K.S.A. § 17-12a301.

43.    Kansas law required the Company to register the securities sold to Plaintiffs.

44.    The Company sold nonregistered securities to Plaintiffs in violation of the KUSA.

45.    Defendants personally participated and aided in the sale of the nonregistered securities to Plaintiffs.

46.    The securities were not exempt from registration pursuant to Kansas or Federal law.

47.    The securities were not sold in an exempted transaction pursuant to Kansas or Federal law.

48.    The securities were not a federal covered security because the Company failed to comply with federal requirements for preemption of state securities laws.

49.    Bruck, McNamee, Owens, Messina, and Amezcua were control persons

pursuant to K.S.A. § 17-12a509(g)(2) and are jointly and severally liable with Company.

50.     Pursuant to K.S.A. § 17-12a509(b)(1), Plaintiffs rescind their purchase of the securities for failure to register the securities as required by K.S.A. § 17-12a509(b)(1), demanding return of their investment of $1,000,000 plus applicable statutory interest thereon.

51.     Plaintiffs have retained the undersigned to represent them in this action and have agreed to pay a reasonable attorneys' fee for services.  Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to K.S.A. § 17-12a509(b)(1).

52.     All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendants decreeing the rescission of the monetary investment and consistent therewith, for restitution damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with the reasonable attorneys' fees and costs incurred, and any other relief this Court deems just and proper.

<u>**COUNT IV**</u>
<u>**ACTION FOR NEGLIGENT MISREPRESENTATION**</u>
(against Defendants)

53.     Plaintiffs re-allege paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. Those misrepresentations included:

a.     Amezcua had personally invested money in the Company,

b.    Amezcua was a successful banker specializing in technology companies and had built over 700 companies,

c.    the Company had sufficient capital and cash flow to continue it operate its business, and was securing additional investments solely for growth,

d.    the Company had proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace, and

55.    Defendants either knew of the misrepresentations, made the misrepresentations without knowledge of its truth or falsity, or should have known the representations were false.

56.    Defendants intended such misrepresentations to induce Plaintiffs to make their monetary investment.

57.    Plaintiffs justifiably relied to their detriment on such misrepresentations, having suffered injury as described herein.

58.    All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

**WHEREFORE,** Plaintiffs hereby demand judgment in their favor and against Defendants for damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with costs incurred, and any other relief this Court deems just and proper.

### COUNT V
### ACTION FOR MISREPRESENTATIONS MADE IN THE SALE OF SECURITIES PURSUANT TO KUSA
(against Defendants)

59.    Plaintiffs re-allege paragraphs 1 through 58 as though fully set forth herein.

60.    This is an action for rescission pursuant to K.S.A. §§17-12a509(b).

61.     To obtain Plaintiffs' investment, Defendants made misrepresentations and untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including:

        a.     Amezcua had personally invested money in the Company,

        b.     Amezcua was a successful banker specializing in technology companies and had built over 700 companies,

        c.     the Company had sufficient capital and cash flow to continue it operate its business, and was securing additional investments solely for growth,

        d.     the Company had proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace, and

62.     Plaintiffs did not know of these untruths or omissions.

63.     Plaintiffs made the monetary investment in the Company in reasonable reliance upon and as a result of the actions and omissions of Defendants complained of herein.

64.     The actions and omissions of Defendants complained of herein violated K.S.A. § 17-12a509(b).

65.     Because of such violations, Plaintiffs rescind their monetary investment pursuant to K.S.A. § 17-12a509(b)(1), demanding return of their investment of $1,000,000 plus applicable statutory interest thereon.

66.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.  Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to K.S.A. § 17-12a509(b)(1).

67.     All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendants decreeing the rescission of the monetary investment and consistent therewith, for restitution damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with the reasonable attorneys' fees and costs incurred, and any other relief this Court deems just and proper.

## COUNT VI
## ACTION FOR PAYMENT OF UNDISCLOSED COMMISSIONS OR FINDER'S FEES PURSUANT TO FSIPA
### (against Defendants)

68.     Plaintiffs re-allege paragraphs 1 through 67 as though fully set forth herein.

69.     This is an action for rescission pursuant to K.S.A. § 17-12a509(d) and § 17-12a509(b)(1).

70.     At all material times, Amezcua, for consideration received or to be received directly or indirectly from the Company or from an agent or employee of the Company, advertised, circulated, communicated, and published for sale the securities of Company to Plaintiffs, and failed to fully disclose the receipt, whether past or prospective, of such consideration and the amount of the consideration in violation of K.S.A. § 17-12a509(d) and 17-12a509(b)(1).

71.     Amezcua was not licensed as a broker/agent as required by KUSA.

72.     Company was acting as an unregistered broker-dealer, and paying commissions to an unregistered broker/agent in violation of K.S.A. § 17-12a401.

73.     Bruck, McNamee, Owens, and Messina are jointly and severally liable with the Company pursuant to K.S.A. §17-12a509(g)(2).

74.     Pursuant to K.S.A. § 17-12a509(d) and 17-12a509(b)(1), Plaintiffs rescind their purchase of the securities in Company, demanding return of their investment of $1,000,000 plus applicable statutory interest thereon.

75.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.  Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to K.S.A. § 17-12a509(b)(1).

76.     All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendants decreeing the rescission of the monetary investment and consistent therewith, for restitution damages equal to the amount of their investment of $1,000,000, plus interest thereon, together with the reasonable attorneys' fees and costs incurred, and any other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Jeffrey S. Lawrence
Jeffrey S. Lawrence, #78699
jeff@smithlawrence.com
David R. Smith, #13664
david@smithlawrence.com
SMITH LAWRENCE, LC
700 W. 31st Street, Suite 408
Kansas City, Missouri 64108
816.753.9393
816.778.0957 (facsimile)
*Counsel for Plaintiffs*