**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SP SNT HOLDINGS, LLC, and | ) | |
| KEVIN WAGNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02712 |
| | ) | |
| SOCIAL NETWORKING | ) | |
| TECHNOLOGY, INC., | ) | |
| STUART BRUCK, | ) | |
| DAVID M. MCNAMEE, | ) | |
| KEVIN OWENS, | ) | |
| MASSIMO MESSINA, and | ) | |
| SHARON AMEZCUA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHARON AMEZCUA'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Sharon Amezcua ("Amezcua" or "Defendant"), for her Answer to Plaintiff's

First Amended Complaint ("Complaint"), states as follows:

1.    SP SNT is a limited liability company organized under the laws of South Dakota, with its

principal place of business in Florida.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about
the truth of the allegations contained in Paragraph 1, and therefore denies same.

2.    Wagner is an individual residing in the state of Texas.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about
the truth of the allegations contained in Paragraph 2, and therefore denies same.

3.    Company is a Nevada corporation, having a principal place of business, and transacting

business, in the state of Kansas.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations of the allegations contained in Paragraph 3, and therefore denies same.

4.    Upon information and belief, Bruck is an individual residing in the state of Kansas.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4, and therefore denies same.

5.    Upon information and belief, McNamee is an individual residing in the state of Florida.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5, and therefore denies same.

6.    Upon information and belief, Owens is an individual residing in the state of Kansas.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6, and therefore denies same.

7.    Upon information and belief, Messina is an individual residing in the state of California.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7, and therefore denies same.

8.    Upon information and belief, Amezcua is an individual residing in the state of Florida.

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9.    Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because Plaintiff makes

claims that arise under the laws of the United States.

**ANSWER:**    Paragraph 9 asserts a legal conclusion, to which no answer is required.   To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

10.    Supplemental jurisdiction on Plaintiff's state law claims is proper in this Court under 28

U.S.C. § 1367 because they are so related to claims in the action within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

     **ANSWER:** Paragraph 10 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

11.    This Court has jurisdiction over Defendants Bruck, McNamee, Owens, Messina, and Amezcua under Kansas' long arm statute because they have transacted business in the state of Kansas and have committed tortious acts in the state of Kansas.

     **ANSWER:** Amezcua admits that she has transacted business in Kansas. She denies that she committed any "tortious acts." Paragraph 11 otherwise asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations that she has not admitted, and therefore denies same.

12.    Venue is proper in the District of Kansas because the Company resides in the State of Kansas, maintains its principal place of business in the state of Kansas, and otherwise transacts business in the state of Kansas.

     **ANSWER:** Paragraph 12 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

13.    Venue is proper in the District of Kansas because the actions complained of herein took place in Kansas.

     **ANSWER:** Paragraph 13 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

14.     All conditions precedent to bringing this action have been complied with, waived, excused

or otherwise met.

**ANSWER:**     Paragraph 14 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

15.     At all material times, Defendants orchestrated a scheme to raise capital for the

development, operation and marketing of the Company's business including, its operations in

Kansas.   Defendants created an organized ring of sales people, agents, and attorneys, to actively

market and advertise their business and to generally solicit a broad audience of investors for same.

**ANSWER:**     Amezcua denies that there was a "scheme" or an "organized ring" to the extent that Plaintiffs imply unethical or unlawful practices by Amezcua. Amezcua admits that Social Networking Technology, Inc. ("the Company") offered an investment opportunity to Plaintiffs, who were Accredited Investors, which is defined by the Securities and Exchange Commission, in part, as someone who can demonstrate a consistently high annual income -- $200,000 for individuals and $300,000 jointly with expectation of earning the same or higher income.   In other words, Plaintiffs were and are wealthy, sophisticated investors who were also familiar with all or some of the Defendants and with the Company.

16.     In or about December 2016, this organized ring solicited Plaintiffs to make an investment

in the Company by purchasing shares of the Company's common stock.

**ANSWER:**     Amezcua denies that she "solicited" Plaintiffs to make an investment in the Company, including as part of an "organized ring."

17.     In or about December 2016, and prior to their investments in the Company, Defendants

made numerous material misrepresentations to Plaintiffs.

**ANSWER:**     Amezcua denies the allegations contained in Paragraph 17.

18.     In or about December 2016 in Pasadena, California, Defendant Social Networking Technology, Inc. made a presentation to the owner of Plaintiff SP SNT Holdings, LLC and representatives of Plaintiff Kevin Wagner, among other attendees.

**ANSWER:**   Amezcua denies that she made a presentation as described, admits that certain representatives of the Company made a presentation to certain individuals, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of the remaining allegations contained in Paragraph 18, and therefore denies same.

19.     Defendant Social Networking Technology, Inc. was represented at this presentation by Defendants Kevin Owens, Stuart Bruck, and Sharon Amezcua.

**ANSWER:**    Amezcua admits that she was present in December 2016 for a gathering in Pasadena, California, but denies that she made a formal presentation at that gathering on behalf of the Company.

20.     At this presentation, Defendants Owens, Bruck, and Amezcua each represented to Plaintiff SP SNT Holdings, LLC and representatives of Plaintiff Kevin Wagner that:

a.      the Company created news stories using proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace, and that this technology allowed them to produce millions of news story pages in real time;

**ANSWER:**   Amezcua denies that she made the alleged representations at the described presentation and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20a, and therefore denies same.

b.      the Company had sufficient capital and cash flow (from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers) to continue it operate its business, and was securing additional investments solely for growth.

**ANSWER:**   Amezcua denies that she made the alleged representations at the described presentation and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20b, and therefore denies same.

21.    Defendant Amezcua represented at this presentation that she had personally invested money in the Company and that she was a successful banker specializing in technology companies and had built over 700 companies.

**ANSWER:**   Amezcua denies that she made the alleged representations at the described presentation.

22.    Defendants Owens, Bruck, and Amezcua made the same representations to representatives of Plaintiff SP SNT Holdings, LLC and Plaintiff Kevin Wagner at other investor presentations in Pasadena and Hollywood, California and in Wichita, Kansas, around the same time period.

**ANSWER:**   Amezcua denies that she made the alleged representations at any of the described presentations and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11, and therefore denies same.

23.    Plaintiffs relied on these representations in making their investment decisions.

**ANSWER:**   Amezcua denies the allegations contained in Paragraph 23.   In further answer, Amezcua states that she made no representations upon which she expected Plaintiffs to rely.

24.    These representations were material to Plaintiffs' investment decisions.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24, and therefore denies same.

25.    In December 2016, Plaintiffs were presented with a Subscription Agreement, prepared by a law firm, that represented that the sale of securities by the Company did not have to be registered because the offering was exempt from registration pursuant to Section 4(a)(2) of the Securities Act of 1933 (the "Securities Act").

**ANSWER:** Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25, and therefore denies same.

26. In furtherance of the investment and relying upon Defendants as to validity of the offering, Plaintiff SP SNT executed a Subscription Agreement on or about December 16, 2016 and made its investment in the company. Plaintiff Wagner executed a Subscription Agreement on or about December 22, 2016 and made his investment in the Company.

**ANSWER:** Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26, and therefore denies same.

27. After they purchased the investment, Plaintiffs discovered that contrary to the representations of Defendants:

a. Amezcua had not personally made an investment in the Company;

**ANSWER:** Amezcua denies the allegations contained in Paragraph 27a.

b. Amezcua was not a successful banker specializing in technology companies and had not built over 700 companies;

**ANSWER:** Amezcua denies the allegations contained in Paragraph 27b.

c. the Company did not have sufficient cash flow from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers to operate its business; and

**ANSWER:** Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27c, although she believes that Plaintiffs, including through their representative, Carlos Imery, received information about the financial condition of the Company.

d.      the Company did not have proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27d, although she believes that Plaintiffs, including through their representative, Chris Wagner, received information about the Company's technology.

28.   Further, Defendants failed to disclose that the Company was paying Amezcua, an unregistered broker, transaction-based fees for soliciting investors including the investment being made by Plaintiffs.

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 28.

29.   In addition, Company failed to disclose that Bruck had then recently been accused of sexual harassment and had settled such claim.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29, and therefore denies same.

30.   If Plaintiffs had known of the above described misrepresentations and omissions, they would not have invested in the Company.

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 30.

31.   Defendants further misrepresented that the offering of securities was made in a manner to comply with the requirements of Section 4(a)(2) of the Securities Act and that it was otherwise exempt from registration.

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 31.

32.   The securities Defendants sold to Plaintiffs were not a federally covered security, and the Kansas Uniform Securities Act (hereinafter "KUSA") applied to their sale.

**ANSWER:**   Paragraph 32 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

**"COUNT I
ACTION UNDER SECTION 12(a)(1) OF THE SECURITIES ACT FOR FAILURE TO
COMPLY WITH FEDERAL REGISTRATION REQUIREMENTS
(against Defendants)"**

33.    Plaintiffs re-allege paragraphs 1 through 32 as though fully set forth herein.

**ANSWER:**   Amezcua incorporates her answers to Paragraphs 1 through 32 of the Complaint as if fully stated herein.

34.    This is an action for rescission pursuant to Section 12(a)(1) of the Securities Act of 1933.

**ANSWER:**   Paragraph 34 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

35.    The Company sold its common stock to Plaintiffs.

**ANSWER:**   Admitted, upon information and belief.   In further answer, Amezcua states that to the extent that Plaintiffs bought stock of the Company, they did so based on their considerable experience as investors and as Accredited Investors, believing that they would profit by the investment.

36.    The Company sold its common stock in the absence of a registration statement or failure

to meet prospectus requirements.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36, and therefore denies same.

37.    The Company used the mail or facilities of interstate commerce in connection with the sale or offer.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37, and therefore denies same.

38.     Plaintiffs have been damaged as a result of the Company's aforementioned actions.

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 38.

39.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39, and therefore denies same.

## "COUNT II

## ACTION UNDER SECTION 15 OF THE SECURITIES ACT FOR FAILURE TO COMPLY WITH FEDERAL REGISTRATION REQUIREMENTS
### (against Bruck, McNamee, Owens, Messina, and Amezcua)"

40.     Plaintiffs re-allege paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:**    Amezcua incorporates her answers to Paragraphs 1 through 39 of the Complaint as if fully stated herein.

41.     This is an action for rescission pursuant to Section 15 of the Securities Act.

**ANSWER:**    Paragraph 41 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

42.     As set forth in Count I above, the Company is a primary violator of Section 12 of the Securities Act.

**ANSWER:**    Paragraph 42 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

43.     At the time of such violation, Bruck, McNamee, Owens, Messina, and Amezcua were in possession, direct or indirect, of the power to direct or cause the direction of the management and

policies of the Company, whether through the ownership of voting securities, by contract, or otherwise, and thereby, are jointly and severally responsible with the Company for the violation of Section 11 of the Securities Act by the Company.

**ANSWER:**   Amezcua denies, with respect to her alleged "power," the allegations contained in Paragraph 43.

44.     Plaintiffs have been damaged as a result of the aforementioned actions of the Company, Bruck, McNamee, Owens, Messina, and Amezcua.

**ANSWER:**   Amezcua denies the allegations contained in Paragraph 44.

45.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45, and therefore denies same.

**"SALE OF UNREGISTERED
SECURITIES IN VIOLATION OF KUSA
(against Defendants)"**

46.     Plaintiffs re-allege paragraphs 1 through 45 as though fully set forth herein.

**ANSWER:**   Amezcua incorporates her answers to Paragraphs 1 through 45 of the Complaint as if fully stated herein.

47.     This is an action for rescission for the selling of unregistered securities pursuant to K.S.A. §17-12a509(b) and K.S.A. § 17-12a301.

**ANSWER:**   Paragraph 47 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

48.     Kansas law required the Company to register the securities sold to Plaintiffs.

**ANSWER:**   Paragraph 48 asserts a legal conclusion, to which no answer is required.   To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

49.    The Company sold nonregistered securities to Plaintiffs in violation of the KUSA.

**ANSWER:**   Paragraph 49 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

50.    Defendants personally participated and aided in the sale of the nonregistered securities to

Plaintiffs.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50, and therefore denies same.

51.    The securities were not exempt from registration pursuant to Kansas or Federal law.

**ANSWER:**   Paragraph 51 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

52.    The securities were not sold in an exempted transaction pursuant to Kansas or Federal law.

**ANSWER:**   Paragraph 52 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

53.    The securities were not a federal covered security because the Company failed to comply

with federal requirements for preemption of state securities laws.

**ANSWER:**   Paragraph 53 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

54.     Bruck, McNamee, Owens, Messina, and Amezcua were control persons.

     **ANSWER:**     Paragraph 54 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

55.     Pursuant to K.S.A. § 17-12a509(b)(1), Plaintiffs rescind their purchase of the securities for failure to register the securities as required by K.S.A. § 17-12a509(b)(1), demanding return of their investment of $1,000,000 plus applicable statutory interest thereon.

     **ANSWER:**     Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55, and therefore denies same.

56.     Plaintiffs have retained the undersigned to represent them in this action and have agreed to pay a reasonable attorneys' fee for services. Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to K.S.A. § 17-12a509(b)(1).

     **ANSWER:**     Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56, and therefore denies same.

57.     All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

     **ANSWER:**     Paragraph 57 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

## "COUNT IV
## ACTION FOR NEGLIGENT MISREPRESENTATION
### (against Defendants)"

58.     Plaintiffs re-allege paragraphs 1 through 57 as though fully set forth herein.

**ANSWER:**   Amezcua incorporates her answers to Paragraphs 1 through 57 of the Complaint as if fully stated herein.

59.   Defendants made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**ANSWER:**   Amezcua denies the allegations contained in Paragraph 59.

60.   In or about December 2016 in Pasadena, California, Defendant Social Networking Technology, Inc. made a presentation to the owner of Plaintiff SP SNT Holdings, LLC and representatives of Plaintiff Kevin Wagner, among other attendees.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60, and therefore denies same.

61.   Defendant Social Networking Technology, Inc. was represented at this presentation by Defendants Kevin Owens, Stuart Bruck, and Sharon Amezcua.

**ANSWER:**   Amezcua denies, with respect to herself, the allegations contained in Paragraph 61.

62.   At this presentation, Defendants Owens, Bruck, and Amezcua each represented to Plaintiff SP SNT Holdings, LLC and representatives of Plaintiff Kevin Wagner that:

a.   the Company created news stories using proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace, and that this technology allowed them to produce millions of news story pages in real time;

**ANSWER:**   Amezcua denies that she made the alleged representations at the described presentation and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62a, and therefore denies same.

b.      the Company had sufficient capital and cash flow (from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers) to continue it operate its business, and was securing additional investments solely for growth.

**ANSWER:**    Amezcua denies that she made the alleged representations at the described presentation and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62b, and therefore denies same.

63.    Defendant Amezcua represented at this presentation that she had personally invested money in the Company and that she was a successful banker specializing in technology companies and had built over 700 companies.

**ANSWER:**    Amezcua denies that she made the alleged representations at the described presentation.

64.    Defendants Owens, Bruck, and Amezcua made the same representations to representatives of Plaintiff SP SNT Holdings, LLC and Plaintiff Kevin Wagner at other investor presentations in Pasadena and Hollywood, California and in Wichita, Kansas, around the same time period.

**ANSWER:**    Amezcua denies that she made the alleged representations at any of the described presentations.

65.    After they purchased the investment, Plaintiffs discovered that contrary to the representations of Defendants:

a.      Amezcua had not personally made an investment in the Company;

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 65a.

b.      Amezcua was not a successful banker specializing in technology companies and had not built over 700 companies;

**ANSWER:**      Amezcua denies the allegations contained in Paragraph 65b.

c.      the Company did not have sufficient cash flow from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers to operate its business; and

**ANSWER:**      Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65c, although she believes that Plaintiffs, including through their representative, Carlos Imery, received information about the financial condition of the Company.

d.      the Company did not have proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace.

**ANSWER:**      Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65d, although she believes that Plaintiffs, including through their representative, Chris Wagner, received information about the Company's technology.

66.     Defendants either knew of the misrepresentations, made the misrepresentations without knowledge of its truth or falsity, or should have known the representations were false.

**ANSWER:**      Amezcua denies the allegations contained in Paragraph 66.

67.     Defendants intended such misrepresentations to induce Plaintiffs to make their monetary investment.

**ANSWER:**      Amezcua denies the allegations contained in Paragraph 67.

68.     Plaintiffs justifiably relied to their detriment on such misrepresentations, having suffered

injury as described herein.

     **ANSWER:**     Amezcua denies the allegations contained in Paragraph 68.

69.     All conditions precedent to bringing this action have been complied with, waived, excused

or otherwise met by Plaintiffs.

     **ANSWER:**     Paragraph 69 asserts a legal conclusion, to which no answer is required.
To the extent the Court construes said Paragraph as a factual allegation requiring an answer,
Amezcua lacks knowledge or information sufficient to form a belief about the truth of the
allegation, and therefore denies same.


**COUNT V**
**ACTION FOR MISREPRESENTATION MADE IN THE SALE OF SECURITIES**
**PURSUANT TO KUSA**

70.     Plaintiffs re-allege paragraphs 1 through 69 as though fully set forth herein.

     **ANSWER:**     Amezcua incorporates her answers to Paragraphs 1 through 69 of the
Complaint as if fully stated herein.

71.     This is an action for rescission pursuant to K.S.A. §§17-12a509(b).

     **ANSWER:**     Paragraph 71 asserts a legal conclusion, to which no answer is required.
To the extent the Court construes said Paragraph as a factual allegation requiring an answer,
Amezcua lacks knowledge or information sufficient to form a belief about the truth of the
allegation, and therefore denies same.

72.     To obtain Plaintiffs' investment, in or about December 2016 in Pasadena, California,

Defendant Social Networking Technology, Inc. made a presentation to the owner of Plaintiff SP

SNT Holdings, LLC and representatives of Plaintiff Kevin Wagner, among other attendees.

     **ANSWER:**     Amezcua admits that she was present in December 2016 for a gathering in
Pasadena, California, but denies that she made a formal presentation at that gathering on behalf of
the Company.

73.     Defendant Social Networking Technology, Inc. was represented at this presentation by Defendants Kevin Owens, Stuart Bruck, and Sharon Amezcua.

**ANSWER:**     Amezcua denies, with respect to herself, the allegations contained in Paragraph 73.

74.     At this presentation, Defendants Owens, Bruck, and Amezcua each represented to Plaintiff SP SNT Holdings, LLC and representatives of Plaintiff Kevin Owens that:

a.      the Company created news stories using proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace, and that this technology allowed them to produce millions of news story pages in real time;

**ANSWER:**     Amezcua denies that she made the alleged representations at the described presentation and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74a, and therefore denies same.

b.      the Company had sufficient capital and cash flow (from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers) to continue it operate its business, and was securing additional investments solely for growth.

**ANSWER:**     Amezcua denies that she made the alleged representations at the described presentation, although she believes that Plaintiffs, including through their representative, Carlos Imery, received information about the financial condition of the Company.

75.     Defendant Amezcua represented at this presentation that she had personally invested money in the Company and that she was a successful banker specializing in technology companies and had built over 700 companies.

18

**ANSWER:**    Amezcua denies that she made the alleged representations at the described presentation.

76.    Defendants Owens, Bruck, and Amezcua made the same representations to representatives of Plaintiff SP SNT Holdings, LLC and Plaintiff Kevin Wagner at other investor presentations in Pasadena and Hollywood, California and in Wichita, Kansas, around the same time period.

**ANSWER:**    Amezcua denies that she made the alleged representations at any of the described presentations.

77.    After they purchased the investment, Plaintiffs discovered that contrary to the representations of Defendants:

a. Amezcua had not personally made an investment in the Company;

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 77a.

b. Amezcua was not a successful banker specializing in technology companies and had not built over 700 companies;

**ANSWER:**    Amezcua denies the allegations contained in Paragraph 77b.

c. the Company did not have sufficient cash flow from generating news stories using its proprietary artificial intelligence technology, getting publishers to use the generated pages as part of their own sites, putting ads on those pages, and splitting the ad revenue with the publishers to operate its business; and d. the Company did not have proven, proprietary artificial intelligence technology that provided it a competitive advantage in the marketplace.

**ANSWER:**    Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77c, although she believes that Plaintiffs, including through their representative, Carlos Imery, received information about the financial condition of the Company.

78.    Plaintiffs did not know of these untruths or omissions.

19

**ANSWER:**     Amezcua denies the allegations contained in Paragraph 78.

79.     Plaintiffs made the monetary investment in the Company in reasonable reliance upon and

as a result of the actions and omissions of Defendants complained of herein.

**ANSWER:**     Amezcua denies the allegations contained in Paragraph 79.

80.     The actions and omissions of Defendants complained of herein violated K.S.A. § 17-

12a509(b).

**ANSWER:**     Paragraph 80 asserts a legal conclusion, to which no answer is required.
To the extent the Court construes said Paragraph as a factual allegation requiring an answer,
Amezcua denies the allegation.

81.     Because of such violations, Plaintiffs rescind their monetary investment pursuant to K.S.A.

§ 17-12a509(b)(1), demanding return of their investment of $1,000,000 plus applicable statutory

interest thereon.

**ANSWER:**     Amezcua lacks knowledge or information sufficient to form a belief about
the truth of the allegations contained in Paragraph 81, and therefore denies same.

82.     Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay

a reasonable attorneys' fee for services. Plaintiffs are entitled to their reasonable attorneys' fees

and costs pursuant to K.S.A. § 17-12a509(b)(1).

**ANSWER:**     Amezcua lacks knowledge or information sufficient to form a belief about
the truth of the allegations contained in Paragraph 82, and therefore denies same.

83.     All conditions precedent to bringing this action have been complied with, waived, excused

or otherwise met by Plaintiffs.

**ANSWER:**     Paragraph 83 asserts a legal conclusion, to which no answer is required.
To the extent the Court construes said Paragraph as a factual allegation requiring an answer,
Amezcua lacks knowledge or information sufficient to form a belief about the truth of the
allegation, and therefore denies same.

**"COUNT VI**
**ACTION FOR PAYMENT OF UNDISCLOSED COMMISSIONS OR FINDER'S**
**FEES PURSUANT TO FSIPA**
**(against Defendants)"**

84.     Plaintiffs re-allege paragraphs 1 through 83 as though fully set forth herein.

     **ANSWER:**     Amezcua incorporates her answers to Paragraphs 1 through 38 of the Complaint as if fully stated herein.

85.     This is an action for rescission pursuant to K.S.A. § 17-12a509(d) and § 17-12a509(b)(1).

     **ANSWER:**     Paragraph 85 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

86.     At all material times, Amezcua, for consideration received or to be received directly or indirectly from the Company or from an agent or employee of the Company, advertised, circulated, communicated, and published for sale the securities of Company to Plaintiffs, and failed to fully disclose the receipt, whether past or prospective, of such consideration and the amount of the consideration in violation of K.S.A. § 17-12a509(d) and 17-12a509(b)(1).

     **ANSWER:**     Paragraph 86 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua denies the allegations.

87.     Amezcua was not licensed as a broker/agent as required by KUSA.

     **ANSWER:**     Paragraph 87 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

88.     Company was acting as an unregistered broker-dealer, and paying commissions to an unregistered broker/agent in violation of K.S.A. § 17-12a401.

21

**ANSWER:**   Paragraph 88 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegation, and therefore denies same.

89.   Bruck, McNamee, Owens, and Messina are jointly and severally liable with the Company pursuant to K.S.A. §17-12a509(g)(2).

**ANSWER:**   Paragraph 89 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua denies the allegation.

90.   Pursuant to K.S.A. § 17-12a509(d) and 17-12a509(b)(1), Plaintiffs rescind their purchase of the securities in Company, demanding return of their investment of $1,000,000 plus applicable statutory interest thereon.

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90, and therefore denies same.

91.   Plaintiffs have retained the undersigned to represent it in this action and have agreed to pay a reasonable attorneys' fee for services. Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to K.S.A. § 17-12a509(b)(1).

**ANSWER:**   Amezcua lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91, and therefore denies same.

92.   All conditions precedent to bringing this action have been complied with, waived, excused or otherwise met by Plaintiffs.

**ANSWER:**   Paragraph 92 asserts a legal conclusion, to which no answer is required. To the extent the Court construes said Paragraph as a factual allegation requiring an answer, Amezcua denies the allegation.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Sharon Amezcua respectfully requests that Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with prejudice, and for such other relief as the Court deems just and proper.

### DEFENSES

1.    Amezcua denies each and every allegation contained in the Complaint that she has not expressly admitted herein.

2.    Any financial loss or other damages suffered by Plaintiffs were caused by other factors besides the alleged acts or omissions by Amezcua.

3.    Plaintiffs' claims are barred in whole or in part because Plaintiff's injury and damages, if any were the result of their own actions or inactions.

4.    Plaintiffs are all Accredited Investors and assumed all risks associated with investing in a start-up business enterprise.

5.    Plaintiffs failed to perform their own reasonable due diligence.  In this regard, upon information and belief, Plaintiffs were provided information on which Plaintiffs could rely and which was more than adequate for Plaintiffs to make an intelligent, informed investment decision, and Plaintiffs engaged and consulted experts to assist them in evaluating that information and in performing due diligence in evaluating the potential investment and its risks.   Any financial loss incurred by Plaintiffs was caused by Plaintiffs' failure to competently or sufficiently evaluate the information they were provided, by the negligence or incompetence of their personal investment advisors and/or by the Plaintiffs electing to disregard the recommendations of their personal investment advisors.

6.     Plaintiff's claims are barred for failure to show material misrepresentation or omission by Amezcua.

DATE:   July 10, 2018                             Respectfully submitted,

                                                 */s/ James R. Ward*
                                                 James R. Ward, KS Bar #15924
                                                 Brian J. Christensen, KS Bar #16528
                                                 JACKSON LEWIS P.C.
                                                 7101 College Blvd, Suite 1200
                                                 Overland Park, KS 66210
                                                 Telephone:   (913) 981-1018
                                                 Facsimile:   (913) 981-1019
                                                 James.Ward@jacksonlewis.com
                                                 Brian.Christensen@jacksonlewis.com

                                                 **ATTORNEYS FOR DEFENDANT
                                                 SHARON AMEZCUA**

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 10th day of July, 2018, a true and accurate copy of the foregoing was filed electronically via the court's CM/ECF electronic filing system which will send a notice of electronic filing to the following:

        Jeffrey S. Lawrence
        David R. Smith
        SMITH LAWRENCE, LC
        700 W. 31st Street, Suite 408
        Kansas City, MO 64108
        jeff@smithlawrence.com
        david@smithlawrence.com

**ATTORNEYS FOR PLAINTIFFS**

Ross A. Hollander
Joseph, Hollander & Craft, LLC - Wichita
500 N. Market Street
Wichita, KS 67214
316-262-9393 ext. 310
Fax: 316-262-9006
rhollander@josephhollander.com

**ATTORNEY FOR DEFENDANTS**
**SOCIAL NETWORKING TECHNOLOGY, INC.,**
**MASSIMO MESSINA, STUART BRUCK,**
**DAVID McNAMEE AND KEVIN OWENS**


*/s/ James R. Ward*
**ATTORNEY FOR DEFENDANT**
**SHARON AMEZCUA**

4848-8122-0717, v. 1